# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROCHELL ISOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-928-JAR |
| ) | |
| ST. LOUIS CITY HOUSING ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Rochell Isom seeks leave to proceed in forma pauperis in this civil action. Having reviewed plaintiff's financial information, the Court will grant the motion. *See* 28 U.S.C. § 1915(a). After initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), however, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the St. Louis City Housing Authority and the United States Department of Housing and Urban Development ("HUD"). In her statement of her claim, plaintiff states in full:

> Property destroyed, homeless sabotaged covered up. (mold problem) Sept. 28th 2018 reported mold problem told inspection date was Sep. 30th. No one showed up. Had to reschedule appoint[ment] over phone with inspec. Supervisor. Happened at 5641 Park Ln St. Louis, MO 63136. Suffered toxic water poisoning breathing problem had to vacate premises. Caused homelessness by not doing job and illnesses.

For relief, plaintiff seeks damages of $50,000 for pain and suffering, $25,000 for loss of dignity, and $25,000 for loss of property.

## Discussion

Plaintiff has not identified any statute or law under which she is proceeding in federal court. Assuming she seeks to state a cause of action or federal civil rights violations, the complaint does not state a cause of action under 42 U.S.C. §§ 1981 or 1983 against either defendant St. Louis City Housing Authority or HUD. Plaintiff alleges she scheduled an inspection, presumably with the St. Louis City Housing Authority, to inspect and correct a mold problem. The inspector did no keep the appointment. Plaintiff rescheduled the appointment. Plaintiff does not allege any facts regarding the rescheduled appointment, but states she had to vacate the premises because of "toxic water poisoning" and "breathing problems."

Liberally construed, the Court cannot find that plaintiff has stated any cause of action against the defendants. For example, she does not allege defendants were responsible for her allegedly sub-standard living conditions. Nor does she allege either entity owned the property. To the extent plaintiff seeks to sue the St. Louis City Housing Authority, these claims must be dismissed as legally frivolous because this entity cannot be sued. *See Ketchum v. City of West*

2

*Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). As to defendant HUD, the only method for suing a federal agency is to file a claim under the Federal Torts Claim Act ("FTCA"). *See* 28 U.S.C. § 2679(b)(1); *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (plaintiff must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction to sue HUD). Plaintiff's claims against HUD are not brought under the FTCA, and the Court cannot find any waiver of sovereign immunity. These claims, too, are legally frivolous and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B) this action is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An order of dismissal will accompany this memorandum and order.

Dated this 26th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE